THE PEOPLE, *ex rel.* Budd, *vs.* TEN EYCK and others.

After the decision of a circuit judge refusing a new trial, the prevailing party may proceed and perfect his judgment, unless *an order to stay proceedings* has been served; but his doing so will not prevent the opposite party from *appealing* to the supreme court from the decision of the circuit judge. The only mode of precluding an appeal is to give notice of the decision, when, if the opposite party does not within eight days appeal in one of the modes prescribed by the statute, the judgment will be absolute.

MOTION by plaintiffs to set aside a judgment of nonsuit perfected by the defendants, and for leave to prosecute an appeal from the decision of the circuit judge to the supreme court.

The action was tried at the Greene circuit in September last, and the plaintiffs nonsuited. The relator made a case to move for a new trial, which was brought to a hearing before the circuit judge, and the motion denied on the 16th January last; his decision was filed, and the proper rule entered on the same day. On the 3d February the relator filed the necessary bond, and gave notice of an appeal to this court. The defendants' attorney did not give notice of the decision of the circuit judge. The relator, after the trial, did not obtain an

The People *v.* Ten Eyck.

order to stay proceedings; at least, none appears. On the 31st October the defendants filed the circuit papers and entered a rule for judgment, and on the 11th February perfected judgment. On the 24th February, the relator obtained an order to stay proceedings until the decision of this court on the case.

*By the Court,* BRONSON, J. The relator insists that under the fourth rule of May term, 1832, (9 *Wendell,* 224,) as amended by the first rule of July term, 1835, he had eight days, *after notice of the decision of the circuit judge on the case,* within which to perfect an appeal to this court; and that the defendants were irregular in entering a judgment without having given notice of the decision. There can be no doubt that the appeal is regular, although eighteen days had elapsed after the decision of the circuit judge before it was perfected. The party may appeal at any time until he has been precluded by the service of a notice, and the subsequent lapse of the eight days allowed for perfecting the appeal. But it does not follow that the defendants were irregular in perfecting their judgment.

The act relating to the supreme and circuit courts, (*Statutes, session of* 1832, *p.* 188,) in the particular cases for which it provides, changed the former practice in reviewing proceedings at the circuit, in the following particulars : *first,* in allowing a review, notwithstanding a judgment had been perfected on the verdict; *second,* in directing that the case should, in the first instance, be heard and decided by the circuit judge ; and *third,* in requiring that the matter should be brought before this court by way of appeal from the decision of the circuit judge. In other respects, the practice remains as it was before. If the party making a case wishes to have the proceedings stayed until he can obtain a decision upon it, he must obtain the necessary order for that purpose; and if he omit to do so, the opposite party may perfect his judgment and issue execution. The act, instead of changing, expressly affirms the former practice in this particular. The first section declares, that if " the proceedings *shall not be stayed,* the party in whose favor the verdict is rendered may perfect his judgment and issue execution ;" but it gives a review notwithstanding the judgment, and in this [555] respect introduces a new rule. In this case, the relator either omitted or was unable to procure an order to stay the proceedings, and the defendants were consequently at liberty to perfect their judgment at any time, in the same manner as though no case had been made.

But it is said that the judgment was not perfected until after the decision of the circuit judge, and that the relator had eight days after notice of that decision to obtain an order staying the proceedings. It is true, that by the 4th section of the act and the rules of this court, the relator had eight days after notice to procure the order or file a bond ; but this time is not given for the purpose of staying the proceedings, but for the purpose of perfecting an appeal. The act prescribes two modes in which a party may appeal to this court : *first,* by giving a bond with sureties in the prescribed form, and *second,* by obtaining an order to stay the proceedings ; and in either case he must, by the rules of the court, give notice of such bond or order to the opposite party. The order, although it will have *the effect* of staying the proceedings, is only mentioned in this section as one of *the means* of prosecuting an appeal. The party may appeal in either of the forms prescribed by the statute ; and he can only be precluded from doing so by a notice and lapse of eight days : but the opposite party, whether he has given a notice or not, may perfect his judgment at any time before an order to stay the proceedings is actually obtained. In this respect, the former practice upon a case has not been changed.

As the defendants have been regular, the only remaining question is, whether the judgment should be set aside on terms. The relator was under no necessity of asking for relief. Having received no notice of the decision of the circuit judge on the case, his appeal was perfected in season, and he may prosecute it notwithstanding the judgment. The motion is therefore denied.